UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO: 2025 CV 05468 |
| | ) | |
| **JOSEPH FLETCHER, an individual,** | ) | |
| **by and through his mother and guardian,** | ) | |
| **Jacqueline Mary Fletcher** | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S *EX PARTE* MOTION
FOR A PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM**

Plaintiff, Jane Doe ("Plaintiff" or "Jane"), by and through her undersigned counsel, hereby moves for a protective order and to proceed under a pseudonym. Under Federal Rule of Civil Procedure 26(c), 15 U.S.C. § 6851(b)(3)(B), and 740 ILCS 190/20(a)(1) Plaintiff moves this Court to allow her to proceed under a pseudonym and to enter a protective order preventing the public disclosure of her identity by Defendant Joseph Fletcher ("Defendant") in order to protect her confidentiality, privacy, and safety.

**INTRODUCTION**

On May 16, 2025, Plaintiff filed Plaintiff's Complaint for Civil Relief (the "Complaint") against Defendant. In the Complaint, Jane describes the harm that she suffered at the hands of Defendant, who engaged in a revenge porn campaign explicitly designed to embarrass and humiliate her. As part of his efforts to harm Jane, Defendant used social media to send sexually explicit videos of Jane to her then-boyfriend and her then-boyfriend's family. These videos were without doubt of a sensitive and highly personal nature, and their distribution caused serious emotional harm to Jane.

1

Jane asks the Court to protect her identity and prevent her from suffering further trauma through the public disclosure of her identity. In enforcing her legal rights relating to this invasion of privacy, Jane should not be subjected either to the substantial stigma associated with such videos, or the fear that Defendant will retaliate against Jane for filing this case through further dissemination of these sensitive videos, which could be connected to the record of the case if Jane's name is revealed. Jane should not be placed at further risk of public or professional harm stemming from the instant proceeding.

## **ARGUMENT**

**I.	The Court has discretion to permit Jane to proceed under a pseudonym to protect her from injury.**

Although the public has a right of access to judicial proceedings, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that harm to the plaintiff...exceeds the likely harm from concealment." *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004). Plaintiff's Complaint alleges a cause of action under the Civil Remedies for Nonconsensual Dissemination of Private Sexual Images Act, 740 ILCS 190 *et seq.*. The plain language of the statute explicitly states that such plaintiffs are permitted to use a pseudonym in order to protect their privacy and identity: "a plaintiff may proceed by using a pseudonym in place of the true name of the plaintiff under Section 2-401 of the Code of Civil Procedure." 740 ILCS 190/20(a)(1). Notably, the statute further expressly states that the court may take additional measures to ensure that plaintiff privacy is protected beyond the use of a pseudonym, demonstrating the paramount importance placed on plaintiff privacy in nonconsensual dissemination cases. 740 ILCS 190/20(c) ("The court may make further orders as necessary to protect the identity and privacy of a plaintiff.").

Similarly, in enacting the federal statute underlying Jane's federal law claim, Congress recognized that cases brought under 15 U.S.C § 6851 are more likely to warrant enhanced confidentiality and expressly recognized that "the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). For the reasons set forth herein, the Court should exercise its discretion and permit Plaintiff to proceed under a pseudonym. *See Doe v. Amar,* No. 22-CV-2252, 2023 WL 4564404 at *3 (C.D. Ill. July 17, 2023) ("The decision whether to allow a party to proceed under an assumed name lies within the Court's discretion.").

Courts have consistently ruled that "compelling reasons of personal privacy, for instance, may justify a party's use of a pseudonym or restraints on the public's access to certain records." *See Doe v. Soc'y of the Missionaries of the Sacred Heart,* No. 11-cv-2518, Dkt. No. 141-1 at 1 (N.D. Ill Jan 3., 2014) ("the need for the pseudonym is adequately established by the case law excepting sexual assault victims from the public-record requirement"); *see also Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 n.9 (9th Cir. 2000) ("The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy."). Permitting Plaintiff to proceed under a pseudonym will enable her to retain the privacy she has left.

II. **Plaintiff's need for anonymity outweighs the presumption of openness.**

Due to the highly sensitive and personal nature of Jane's videos, she should be allowed to proceed under a pseudonym. Jane's injury arises out of sensitive and personal matters involving the severe invasion of privacy that she suffered as a result of Defendant's public disclosure of her personal videos of a sexual nature. Jane's identity should be protected in order to prevent her from suffering a further invasion of privacy and reliving the trauma she has already experienced.

3

Additionally, permitting Jane to proceed under a pseudonym is in the public interest because it encourages the suit to move forward and for justice to be served.

    **A. The sensitive and personal nature of Jane's claims justifies allowing the case to proceed under a pseudonym.**

Where litigation involves "matters of a sensitive and highly personal nature," the affected party may proceed under a pseudonym. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *see Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (in limited circumstances courts have permitted a plaintiff to proceed using a fictitious name where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiffs name); *Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("A plaintiff should be permitted to proceed anonymously in case where a substantial privacy interest is involved.")

Here, the subject matter of this litigation is of the utmost personal nature and justifies permitting Jane to remain anonymous. This case involves highly humiliating and non-consensual disclosures of Jane's sexually explicit videos. This case also involves the salacious and private details of Jane's relationship with Defendant. In enforcing her legal rights relating to this invasion of privacy, Jane should not have to subject herself to the substantial stigma associated with such videos, or to the stigma of having been involved in an abusive and sexually coercive relationship. Jane's emotional and psychological trauma as a victim of sex-related cybercrimes is not unlike that suffered by sexual assault victims, and she should be afforded the same level of protection for her privacy interests. *See Doe. No. 2. v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y. 2006)) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity") (citing *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, victims of nonconsensual dissemination may even have a stronger claim to privacy protections given the

4

potential far-reaching spread of the images themselves. *See* Mary Anne Franks, *"Revenge Porn" Reform: A View From the Front Lines*, 69 Fla. L. Rev. 1251, 1260–61 (2017) (non-consensually disseminated images are "featured in as many as 10,000 websites, in addition to being distributed without consent through social media, blogs, emails, and texts. There is a demand for private nude photos that is unlike the demand for any other form of private information.").

Further, the Complaint sets forth allegations concerning Jane's sexually explicit videos, which by their very nature implicate her sexual activities. Courts have held that plaintiffs have a compelling privacy interest in avoiding public disclosure of that type of information. *See Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. Super. Ct. 1994) ("One's sexual history and practices are among the most intimate aspects of a person's life"). As a result of her experiences with Defendant, Jane suffers from emotional trauma. If her name were made public, opening her to inquiries from the press, professional contacts, and other interested individuals, Jane's ability to recover from her trauma would be compromised. Her privacy, already severely invaded by Defendant, would again be at risk.

**B. The public interest is served by allowing Jane to proceed under a pseudonym.**

While there is a public interest in open judicial proceedings, the public also has an interest in seeing that certain lawsuits proceed anonymously that would not otherwise go forward. This lawsuit constitutes Plaintiff's attempt to personally vindicate her right as a victim of the unauthorized disclosure of her sexually explicit videos.

Courts have recognized that the public has a strong interest in protecting the identities of victims of crimes of a sexual nature and that allowing victims to sue in civil court furthers that goal. *See Kolko*, 242 F.R.D. at 195 ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such

crimes."). Denying Jane the opportunity to proceed pseudonymously in this case would have a chilling effect on the willingness of victims of these sexually related cybercrimes to come forward and enforce their rights without fear of additional trauma and privacy violations. It is established that "[f]ailure to adequately protect a victim's fundamental right to privacy negatively impacts his or her fundamental right to access the courts." Meg Garvin, Protecting Victim Privacy: *The Tool of Anonymous Pleading in Civil Cases*, Nat'l Crime Victim L. Inst., 1 (2008)[1]. Thus, permitting Jane to proceed pseudonymously animates an important public policy.

### III.     Defendant will suffer no prejudice by allowing Jane to proceed pseudonymously.

Defendant will not be prejudiced if Jane is permitted to proceed pseudonymously. Jane's identity is already known to Defendant. Nothing in Jane's proposed protective order would prevent Defendant from seeking discovery or preparing or presenting his case. Nor is Plaintiff seeking to impose any limitation on Defendant's ability to conduct whatever discovery he deems necessary (given the use of appropriate protective orders governing the use and dissemination of identifying information). Rather, Plaintiff seeks only to protect against *public disclosure* of her name and address. Defendant cannot credibly claim to be prejudiced in any manner. *See Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (noting that plaintiff's offer to identify herself to the defendant "eviscerated" any prejudice argument); *Kolko,* 242 F.R.D. at 198 (requiring the defendant to point to specific ways in which discovery would be limited to demonstrate prejudice by the anonymous pleading of a plaintiff identified to the defendant); *Doe v. Smith,* 105 F. Supp. 2d (E.D.N.Y 1999), (holding that there was no prejudice to a defendant where the plaintiff's name was disclosed and the defendant's right to discovery

---

[1] http://allianceforvictimsrights.com/wp-content/uploads/2011/05/victim_privacy.pdf.

was not limited.) Shielding Jane's identity from the general public would present no obstacle to Defendant's ability to mount a defense. *See Roe v. St. Louis Univ.*, No. 4:08-CV-1474, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing a plaintiff to proceed anonymously where the defendant's ability to seek discovery and challenge the plaintiff's credibility was not impaired.)

## CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe respectfully requests the Court grant her Motion for Entry of a Protective Order and to Proceed under a Pseudonym.

Dated: May 19, 2025

Respectfully submitted,

JANE DOE

By: *Deborah Rzasnicki Hogan*
One of Her Attorneys

Deborah Rzasnicki Hogan (IL 6230176)
Allison Munk (IL 6349791)
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Ave, Suite 1020
Chicago, IL 60601
Telephone: (773) 244-2230
dhogan@caase.org
amunk@caase.org

*Attorneys for Plaintiff Jane Doe*

7