## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Jane Doe
                        Plaintiff,

v.                                                  Case No.: 1:25−cv−05468
                                                          Honorable Lindsay C. Jenkins

Joseph Fletcher
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, July 7, 2025:

        MINUTE entry before the Honorable Lindsay C. Jenkins:Defendant Joseph Fletcher's motions to stay [7] [10] are denied. A court may stay a civil proceeding pending resolution of criminal proceedings when the interests of justice require it. See United States v. Kordel, 397 U.S. 1 (1970). Courts generally issue stays to protect the interests of only those persons against whom an indictment has already issued, which is not the case here. United States ex rel. Shank v. Lewis Enters., Inc., 2006 WL 1064072, at *2 (S.D. Ill. Apr. 21, 2006) (the weight of authority suggests that a stay is generally not appropriate before indictment, and the fact that defendant has not been indicted is significant); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375−76 (D.C. Cir. 1980) ("[T]he strongest case for deferring civil proceeding until after completion of a criminal proceeding is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.") Here, Defendant has not come forward with any information establishing that he has been criminally charged, that there is a police investigation ongoing against him, or that there is any reason to believe that an indictment is forthcoming. He simply lists a series of crimes he believes he could be charged with. Other considerations militate against a stay. The public has an interest in the prompt disposition of civil litigation and plaintiff has an interest in expedient resolution of the case, including given the risk of prejudice created by an indefinite delay. Defendant's motion also suggests that a stay is appropriate because of the time that has elapsed between plaintiff's report to the police and the filing of this complaint, but this hardly supports a stay. A plaintiff who wishes to pursue a civil action need only do so within any applicable statute of limitations. Finally, the court agrees with Plaintiff that Defendant's anticipation that he may be unavailable for the next 6 months due to an unspecified "necessary medical procedure" is not a basis for staying that case. Parties and counsel regularly face medical procedures and other outside obligations while litigation is pending, so this circumstance is not unusual. Plaintiff has filed an executed waiver of service on the docket, which was signed by Defendant on June 16, 2025. Under FRCP 4(d)(3), then, it appears Defendant Fletcher's answer or responsive pleading is due by or before August 15, 2025. Counsel for Plaintiff should take the lead on filing a status report as to next steps for the case by no later than August 20, 2025 (whether a Rule 26(f) planning report that proposes a fact discovery schedule, a motion for default under FRCP 55, or other appropriate update). Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.